Beltran-De Roque v. Barr

BIA
Christensen, IJ
A202 075 721/722/723

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand nineteen.

PRESENT:
>    ROBERT A. KATZMANN,
>         *Chief Judge,*
>    RAYMOND J. LOHIER, JR.,
>    CHRISTOPHER F. DRONEY,
>         *Circuit Judges.*

_____

MAYRA BELTRAN-DE ROQUE,
RAQUEL SUHEY ROQUE-BELTRAN,
JOSE ARIEL ROQUE-BELTRAN,

>         *Petitioners,*

>    v.                                    17-2181
                                           NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

>         *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONERS:** | Mayra Beltran-De Roque, Pro Se, Brooklyn, NY. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; David |

Kim, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Mayra Beltran-De Roque, and her minor children, Raquel Suhey Roque-Beltran and Jose Ariel Roque-Beltran, natives and citizens of El Salvador, seek review of a June 15, 2017 decision of the BIA affirming a November 14, 2016 decision of an Immigration Judge ("IJ") denying Beltran-De Roque's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mayra Beltran-De Roque, Raquel Suhey Roque-Beltran, Jose Ariel Roque-Beltran*, Nos. A202 075 721/722/723 (B.I.A. June 15, 2017), *aff'g* Nos. A202 075 721/722/723 (Immig. Ct. N.Y. City Nov. 14, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

2

are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Gjolaj v. Bureau of Citizenship & Immigration Servs.*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

Nexus to a Protected Ground

To demonstrate eligibility for asylum and withholding of removal, Beltran-De Roque had to "establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" her persecution.  8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); *In re C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010) (applying "one central reason" standard to withholding).  The BIA has explained that "the protected ground cannot play a minor role in the alien's past mistreatment or fears of future mistreatment.  That is, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007).  However, "asylum may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (quotation marks

3

omitted).  An applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial."  *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Beltran-De Roque claimed asylum based on her membership in two particular social groups: (1) her nuclear family; and (2) the related group of Salvadorans who have family ties to the United States.  Assuming these social groups are cognizable, the agency reasonably determined that Beltran-De Roque failed to demonstrate that she suffered past persecution or had a well-founded fear of future persecution on account of her membership in the groups.*

Beltran-De Roque's membership in her family-based social groups was not "a central reason" for her harm.  *In re J-B-N- & S-M-*, 24 I. & N. Dec. at 214.  Beltran-De Roque's familial status played an incidental role to the gang's purpose of maintaining its larger criminal enterprise, which affects Salvadoran society at large.  *See id.; see also In re L-E-A-*, 27 I. & N. Dec. 40, 45 (B.I.A. 2017) ("[T]he fact

---

* Although she now argues that the gangs targeted her on account of a gender-based social group, she did not exhaust that argument before the agency and it is not properly before us.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22 (2d Cir. 2007) (explaining requirement that petitioners exhaust all issues before the BIA).

that a persecutor has threatened an applicant and members of his family does not necessarily mean that the threats were motivated by family ties. . . . Further, the fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground."). Additionally, the fact that Beltran-De Roque's daughter in El Salvador has not been directly threatened by the gangs weighs against a finding of a well-founded fear on account of familial status. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (explaining that fear of persecution is undermined when similarly situated family members remain unharmed in the native country).

Beltran-De Roque's statements instead reflect that she was a victim of and feared general crime rather than violence perpetrated by the gangs on account of a particular social group. *See id.* at 314 (noting that "general crime conditions" are not a protected ground for asylum and withholding of removal). In her asylum application, she conceded that "[n]o one is really safe over there," and she expressed the same sentiment at her hearing, stating that gangs "seek[] any opportunity to gain money the way they want, or how they want to." She testified that the gangs targeted

5

other people, including business owners, her daughter's friend, and rival gang members, and the country conditions evidence reveals that gang violence and extortion affect all sectors of society. Beltran-De Roque was "not in a substantially different situation from anyone who has crossed the gang, or who is perceived to be a threat to the gang's interests." *In re S-E-G-*, 24 I. & N. Dec. 579, 587 (B.I.A. 2008); *see id.* (finding no nexus to a protected ground when "gangs have directed harm against anyone and everyone perceived to have interfered with, or who might present a threat to, their criminal enterprises and territorial power").

Absent evidence of her familial status as one central reason for her harm and fear, the criminal activity that Beltran-De Roque suffered and feared is not a basis for asylum or withholding of removal: "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'" *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). This nexus determination is dispositive of both asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

As this determination is dispositive, we do not reach the agency's alternative finding that the harm Beltran-De Roque experienced did not rise to the level of persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Convention Against Torture

To receive protection under the CAT, an applicant must "establish that it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

Substantial evidence supports the agency's denial of CAT relief. There is no evidence that the gang members remain interested in Beltran-De Roque or are more likely than not to torture her in the future. She was not tortured in the past. *See* 8 C.F.R. § 1208.16(c)(3)(i) (noting that "[e]vidence of

7

past torture inflicted upon the applicant" is a factor in CAT analysis). Although she presented country conditions evidence of pervasive gang violence, there is no particularized evidence that she would more likely than not be targeted for harm constituting torture. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) ("[W]hile Wang's testimony as well as some of his 'country conditions' documents . . . indicate that some prisoners in China have been tortured, Wang has in no way established that someone in his particular alleged circumstances is *more likely than not* to be tortured if imprisoned in China."); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (requiring "particularized evidence" beyond general country conditions to support a CAT claim). And she has not argued or presented evidence that Salvadoran officials would acquiesce in her torture. *See* 8 C.F.R. § 1208.18(a)(1). Given the lack of particularized evidence that Beltran-De Roque would be targeted, subjected to harm amounting to torture, or that the authorities would acquiesce in such torture, substantial evidence supports the agency's denial of CAT relief. *See Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) ("[A]n alien will never be able to show that [s]he faces a more likely than not chance of torture if one link in

8

the chain cannot be shown to be more likely than not to occur." (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (AG 2006))).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court